08CV2130
JUDGE KENNELLY
MAG. JUDGE SCHENKIER



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court



March 31, 2008

FILED

J N

APR 1 5 2008
APR 15, 2008
ROBBINS
CLERK, U.S. DISTRICT COURT

Clerk, United States District Court
Federal Bldg
211 South Court Street
Rockford, IL 61101

Re:   Transfer of our Civil Case No.   LACV 08-01636-JFW (JTLx)

Case Title:   UPS Supply Chain Solutions Inc., -v- American Airlines, Inc., et al.,

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket.  Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office.  Thank you for your cooperation.

```
You may access this datatbase at our
website: http://ecf.cacd.uscourts.gov.
Please use your Court's Pacer account
and password to access
this document.
```

Very truly yours,
SHERRI R. CARTER
Clerk, U.S. District Court

By _____ J. Lam _____
     Deputy Clerk

cc:   All counsel of record

===========================================================================================

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: _____.

Clerk, U.S. District Court

By _____
     Deputy Clerk

CV-22 (01/01)                     TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT

(JTLx), CLOSED, DISCOVERY, MANADR, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-01636-JFW-JTL

UPS Supply Chain Solutions, Inc. v. American Airlines, Inc. et al
Assigned to: Judge John F. Walter
Referred to: Magistrate Judge Jennifer T. Lum
Case in other court: Superior Court State of CA County of Los Angeles, BC383376
Cause: 28:1441 Notice of Removal - Breach of Contract

Date Filed: 03/10/2008
Date Terminated: 03/28/2008
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**UPS Supply Chain Solutions, Inc.**

represented by **Bruce A Lindsay**
Countryman and McDaniel
LAX Airport Center
5933 West Century Boulevard Eleventh Floor
Los Angeles, CA 90045
310-342-6500
Email: bal@cargolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S McDaniel**
Countryman and McDaniel
LAX Airport Center
5933 West Century Boulevard Eleventh Floor
Los Angeles, CA 90045
310-342-6500
Email: mcd@cargolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

I hereby attest and certify on 3/31/08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

0136

V.

**Defendant**

**American Airlines, Inc.**

represented by **Joseph M Rimac, Jr**
Rimac Martin P.C.
1051 Divisadero Street
San Francisco, CA 94115
415-561-8440
Fax: 415-561-8430
Email: jrimac@rimacmartin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William B Reilly**
Rimac Martin P.C.
1051 Divisadero Street
San Francisco, CA 94115
415-561-8440
Fax: 415-561-8430
Email: w_reilly@rimacmartin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Doe One through Doe Ten**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/10/2008 | 1 | NOTICE OF REMOVAL from Superior Court of the State of California for the County of Los Angeles, case number BC383376 with conformed copy of summons, complaint and non-conformed of proof service. Case assigned to Judge John F. Walter, Discovery to Magistrate Judge Jennifer T. Lum. (Filing fee $ 350 PAID.), filed by defendant American Airlines, Inc.(ghap) Additional attachment(s) added on 3/13/2008 (hha, ). (Entered: 03/12/2008) |
| 03/10/2008 | 2 | CERTIFICATION of Interested Parties filed by Defendant American Airlines, Inc. (ghap) Additional attachment(s) added on 3/14/2008 (hha, ). (Entered: 03/12/2008) |
| 03/10/2008 | 3 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed.(ghap) (Entered: 03/12/2008) |
| 03/10/2008 |  | FAX number for Attorneys Bruce A Lindsay, Michael S McDaniel is 310-342-6505. (ghap) (Entered: 03/12/2008) |
| 03/12/2008 | 4 | STANDING ORDER by Judge John F. Walter: READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES; Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages; replies shall not exceed 12 pages (see document for further details). (jp) (Entered: 03/12/2008) |
| 03/18/2008 | 5 | ANSWER *to Complaint* filed by Defendant American Airlines, Inc..(Reilly, William) (Entered: 03/18/2008) |
| 03/20/2008 | 6 | DECLARATION *OF LEAD TRIAL COUNSEL re: COMPLIANCE WITH GENERAL ORDER 07-08* filed by Defendant American Airlines, Inc.. (Reilly, William) (Entered: 03/20/2008) |
| 03/20/2008 | 7 | MINUTES OF IN CHAMBERS ORDER held before Judge John F. Walter:ADR Pilot Program Questionnaire and Rule 26 Meeting Report due by 4/14/2008. Scheduling Conference set for 4/28/2008 at 08:30 AM before Judge John F. Walter. (se) (Entered: 03/20/2008) |
| 03/27/2008 | 8 | STIPULATION to Transfer Case to Northern District of Illinois filed by Defendant American Airlines, Inc.. (Attachments: # 1 Proposed Order)(Reilly, William) (Entered: 03/27/2008) |
| 03/28/2008 | 9 | ORDER by Judge John F. Walter GRANTING Stipulation to transferring master to Northern District of Illinois, Rockford 8. Certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated.) (Attachments: # 1 CV-22 Transmittal Letter-Transfer Out) (jp) (Entered: 03/31/2008) |
| 03/31/2008 |  | TRANSMITTAL of documents - mailed certified copy of Order and the civil docket sheet to the USDC, Northern District of Illinois, Rockford. (jp) (Entered: 03/31/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/31/2008 12:24:14 | | |
| PACER Login: | us3877 | Client Code: |
| Description: | Docket Report | Search Criteria: | 2:08-cv-01636-JFW-JTL |

| Billable Pages: | 2 | Cost: | 0.16 |

Case 2:08-cv-01636-JFW-JTL    Docum    08CV2130    1
JUDGE KENNELLY
MAG. JUDGE SCHENKIER

1 | RIMAC & MARTIN
2 | a Professional Corporation
JOSEPH M. RIMAC, ESQ. - SBN 72381                                    JS-6
3 | WILLIAM REILLY, ESQ. - SBN 177550
1051 Divisadero Street
4 | San Francisco, California 94115
Telephone: (415) 561-8440

I hereby attest and certify on 3/31/08 that the foregoing document is a full/true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

**0136**

5 | Attorneys for Defendant
6 | AMERICAN AIRLINES, INC.

7

8

9 |                    UNITED STATES DISTRICT COURT

10 |                   CENTRAL DISTRICT OF CALIFORNIA

11 |                                                    *E-FILING*

12 | UPS SUPPLY CHAIN SOLUTIONS, INC.,        ) Case No. 2:08-cv-01636-JFW-JTL
                                             )
13 |              Plaintiff,                  ) **ORDER GRANTING STIPULATION**
                                             ) **TO TRANSFER MATTER TO**
14 |       vs.                                ) **NORTHERN DISTRICT OF ILLINOIS**
                                             )
15 | AMERICAN AIRLINES, INC; and DOE ONE      )
through DOE TEN,                             )
16 |                                          )
                                             )
17 |              Defendants.                 )
                                             )
18 |

19 |        The parties, having stipulated thereto, and for good cause

20 | shown,

21 |        **IT IS HEREBY ORDERED** that this matter be transferred from the Central District of

22 | California to the Northern District of Illinois.

23 |        **SO ORDERED:**

24 |

25 |

26 | DATED: March 28, 2008             _____
                                       UNITED STATES DISTRICT COURT JUDGE
27 |

28 |

ORDER TO TRANSFER CASE                                -1-                 CASE NO. 2:08-CV-01636-JFW-JTL

08CV2130
JUDGE KENNELLY
MAG. JUDGE SCHENKIER

1 | RIMAC MARTIN, P.C.
2 | JOSEPH M. RIMAC, ESQ. - SBN 72381
WILLIAM REILLY, ESQ. - SBN 177550
3 | 1051 Divisadero Street
San Francisco, California 94115
4 | Telephone: (415) 561-8440

5 | Attorneys for Defendant
AMERICAN AIRLINES, INC.

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

11

12 | UPS SUPPLY CHAIN SOLUTIONS, INC.,    ) Case No.  **CV08-01636**JFW

13 |                Plaintiff,            ) **NOTICE OF REMOVAL OF CIVIL**
                                         ) **ACTION TO UNITED STATES**       JTLx
14 |        vs.                          ) **DISTRICT COURT**

15 | AMERICAN AIRLINES, INC; and DOE ONE  )
through DOE TEN,                         )
16 |                                     )
17 |                Defendants.          )
    _____     )

18

19 | TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, CENTRAL

20 | DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF

21 | RECORD:

22 |      PLEASE TAKE NOTICE that defendant AMERICAN AIRLINES, INC., hereby

23 | removes the above-entitled civil action from the Superior Court of the State of California for the

24 | County of Los Angeles - Central Judicial District, Case No.: BC383376 to the United States

25 | District Court, Central District of California..

26 |      This case is being removed pursuant to 28 U.S.C. §§ 1331 and 1441, et seq.

27 |      American states that removal is proper for the following reasons:

28 | ///

-1-
NOTICE OF REMOVAL OF CIVIL ACTION
TO U.S. DISTRICT COURT                              CASE NO.

1    1.    On or about January 7, 20008, there was filed in the Superior Court of the State of

2    California, for the County of Los Angeles - Central Judicial District, the above-entitled civil

3    action bearing Case no. BC383376, in the records and files of that court. The complaint was

4    served on American on February 15, 2008. Thirty days has not expired since defendants received

5    such notice.

6                                        **VENUE**

7    2.    The United States District Court for the Central District of California is a proper

8    venue in that the action being removed was filed in the Superior Court of the State of California,

9    County of Los Angeles.

10                                  **FEDERAL QUESTION**

11    3.    A review of the complaint, which states that this matter arises out of a

12    transportation by air between Japan and the United States, indicates that this court has original

13    jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, in that this

14    action is governed by the terms of the 1999 Montreal Convention[1] as incorporated into United

15    States federal law as a treaty adopted by the United States. As such, 28 U.S.C. § 1441(b) states:

16                 Any civil action in which the District Courts have original
                   jurisdiction founded on a claim or right arising under the constitution,
17                 treaties or laws of the United States  shall be removable without
                   regard to the citizenship or residence of the parties.
18

19    As the 1999 Montreal Convention is a treaty between the United States and other contracting

20    countries and has become a part of the United States Code, the issues presented in plaintiff's

21    complaint raise a  federal question, and removal is proper under 28 U.S.C. § 1441 and § 1331.

22    Further, in the absence of the 1999 Montreal Convention, federal common law governs the

23    construction of air waybills used for the international transportation of goods. *See Read-Rite*

24    *Corp. v. Burlington Air Express, LTD*, 186 F.3d 1190, 1195 ( 9th Cir. 1999); *Deiro v. American*

25    *Airlines, Inc.*, 816 F.2d 1360, 1364 (9th Cir.1987). Thus, this Court also would have original

26

27
    _____

28        [1] The 1999 Montreal Convention (formally The Convention for the Unification of Certain
      Rules for International Carriage by Air done at Montreal on 28 May 1999, reprinted in S. Treaty
      Doc. No. 106-45, 1999 WL 33292734 (2000).

                                        -2-
NOTICE OF REMOVAL OF CIVIL ACTION
TO U.S. DISTRICT COURT                                    CASE NO.

1    jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, in that this

2    action arises under the laws of the United States.  Under 28 U.S.C. § 1331, this action is one that

3    may be removed to this Court by defendant pursuant to 28 U.S.C. § 1441(b) in that federal

4    question jurisdiction exists.

5        4.    Attached hereto as Exhibit A is a true and correct copy of all pleadings and

6    process filed in this action in the Superior Court in the State of California, County of Los

7    Angeles, which were served on American Airlines.

8        5.    A notice of filing of this notice of removal is being filed concurrently with the

9    Superior Court of the State of California, and is concurrently being served on plaintiff.

10       WHEREFOR, AMERICAN AIRLINES prays that this civil action be removed to this

11   court from the Superior Court of the State of California, County of  Los Angeles.

12

13                                    RIMAC  MARTIN
                                      A Professional Corporation
14

15   Date:   March 10, 2008        By:    /S/  WILLIAM REILLY
                                          WILLIAM REILLY
16                                        Attorneys for Defendant AMERICAN
                                          AIRLINES, INC.
17

18

19

20

21

22

23

24

25

26

27

28

-3-

# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

2/15/08  11:40     SUM-100

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

AMERICAN AIRLINES, INC. and DOE ONE through DOE TEN,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 0 7 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
UPS SUPPLY CHAIN SOLUTIONS, INC.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court - Central District
111 N. Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*  BC383376

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
COUNTRYMAN & McDANIEL, Michael S. McDaniel, Bruce A. Lindsay, LAX Airport Center, Eleventh Floor, 5933 W. Century Blvd., Los Angeles, CA 90045; Tel: 310-342-6500; Fax: 310-342-6500.

DATE: JAN 07 2008
*(Fecha)*     JOHN A. CLARKE, CLERK     M. GARCIA     , Deputy
                                                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:  American Airlines, Inc.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
02/15/2008
CT Log Number 513096007

TO:    Dianne Gray
       American Airlines, Inc.
       4333 Amon Carter Blvd.
       Fort Worth, TX 76155

RE:    **Process Served in California**

FOR:   American Airlines, Inc. (Domestic State: DE)

FEB 2 0 REC'D

CARGO CLAIMS

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | UPS Supply Chain Solutions, Inc., Pltf. vs. American Airlines, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Attachment(s), Stipulation Form |
| **COURT/AGENCY:** | Los Angeles County-Los Angeles, Superior Court, CA<br>Case # BC383376 |
| **NATURE OF ACTION:** | Breach of Contract - Failure to properly deliver cargo |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/15/2008 at 11:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Bruce A. Lindsay<br>Countryman & McDaniel<br>5933 W. Century Blvd.<br>Los Angeles, CA 90045<br>310-342-6500 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798376359891<br>Email Notification, Kelly Tremaine-Kacprowski Kelly.Tremaine-Kacprowski@aa.com<br>CC Recipient(s)<br>Charles D Marlett, Corporate Secretary, via Regular Mail |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

FEB 1 8 2008

Date Received: _____

Sent to: _____

Sent by: _____

**Attached please find documents that we received in our
office today via our registered agent, The CT Corporation
System. We are forwarding the above to you for handling
in accordance with the procedures established by our
depents. If you have any questions, please feel free to
c  at IC8 931-5355 or MD 5558 in HDQ1.**

Page 1 of 1/VI

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

1   COUNTRYMAN & McDANIEL
    MICHAEL S. McDANIEL [State Bar No. 66774]
2   Cargolaw@aol.com
    BRUCE A. LINDSAY   [State Bar No. 102794]
3   Bal@cargolaw.com
    LAX Airport Center, Eleventh Floor
4   5933 West Century Boulevard
    Los Angeles, California 90045
5   Telephone:   (310) 342-6500
    Facsimile:   (310) 342-6505
6

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 0 7 2003

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

7   Attorneys for plaintiff UPS SUPPLY CHAIN SOLUTIONS, INC.

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF LOS ANGELES — CENTRAL DISTRICT

10

11  UPS SUPPLY CHAIN SOLUTIONS,      )   CASE NO.  BC383376
    INC.,                            )
12                                   )
              Plaintiff,             )   UNLIMITED JURISDICTION
13                                   )
         vs.                         )   UPS SUPPLY CHAIN SOLUTIONS,
14                                   )   INC. COMPLAINT FOR DAMAGES
    AMERICAN AIRLINES, INC. and      )
15  DOE ONE through DOE TEN,         )      (1) Breach of Contract;
                                     )
16            Defendants.            )      (2) Negligence;
                                     )
17  ─────────────────────────────── )      (3) Breach of Bailment;
                                     )
18                                          (4) Equitable Indemnity.

19        COMES NOW UPS SUPPLY CHAIN SOLUTIONS, INC. ("UPS-SCS") and

20  alleges against the defendants and each of them as follows:

21

22        1.   UPS-SCS is, and at all material times herein has been, a

23  corporation duly organized and existing according to Delaware law

24  and is in the business of, inter alia, providing logistic services.

25

26        2.   UPS-SCS is informed and believes, and thereon alleges,

27  that defendant AMERICAN AIRLINES INC.("AMERICAN") is, and at all

28  times relevant herein was, a business entity authorized to do

                              - 1 -
L:\Cases\UPS\Abbott Labs (American Air)\Complaint.wpd  COMPLAINT OF UPS SUPPLY CHAIN SOLUTIONS, INC.

1  business, or doing business, in the State of California and at all
2  relevant times has been in the business of providing air
3  transportation services to its customers, including, but not
4  limited to, UPS-SCS.

5

6      3.  UPS-SCS does not know the true names of
7  defendants sued herein as Does One through Ten, inclusive, each of
8  which is responsible for the events and matters herein referenced,
9  and each of which caused or contributed to the damage herein set
10 forth.  Accordingly, UPS-SCS sues said defendants by such
11 fictitious names.  UPS-SCS will amend its complaint to show the
12 true names of said defendants when UPS-SCS ascertains the same.

13

14     4.  UPS-SCS is informed and believes, and thereon alleges,
15 that at all times mentioned herein, the defendants, and each of
16 them, were and have been the agents, servants, employers, and/or
17 employees of each of the other defendants, and each and every one
18 of them, as such, were acting in the course and scope of their
19 employment and/or agency with their remaining defendants at all
20 times relevant to this action.

21

22     5.  Ross Products Division of Abbott Laboratories ("Ross-
23 Abbott") presented a  claim to  UPS-SCS alleging that UPS-SCS
24 caused damages to Ross-Abbott through damage to certain cargo
25 ("said cargo") which Ross-Abbott had sought to transport to South
26 Bend, Indiana from Tokyo, Japan.  The said cargo, though turned
27 over by UPS-SCS to AMERICAN for carriage to the United States from
28 Tokyo, Japan, with instructions that the said cargo was to be kept

- 2 -

L:\Cases\UPS\Abbott Labs (American Air)\Complaint.wps  COMPLAINT OF UPS SUPPLY CHAIN SOLUTIONS, INC.

1  cool and that it must be put in a cooler upon arrival at the
2  facilities of AMERICAN at O'Hare Airport, Chicago, Illinois, was
3  held by AMERICAN at O'Hare Airport without placing the said cargo
4  in a cooler at AMERICAN's facilities and was left outside of the
5  said facilities and said cargo was subjected to ambient exterior
6  temperatures that were significantly in excess of the temperatures
7  of a cooler as directed by plaintiff and which spoiled and ruined
8  the said cargo.  Without admission of liability, UPS-SCS settled
9  said underlying claim for said damaged cargo by payment to Ross-
10  Abbott, for its alleged losses arising through spoliation of the
11  said cargo, in a sum which exceeds the jurisdictional minimum limit
12  of this Court.
13
14      6.    UPS-SCS is informed and believes, and thereon alleges,
15  that defendants AMERICAN and Does One through Ten, inclusive, and
16  each of them (collectively, the "defendants"), were negligent or in
17  breach of contract or in some other actionable manner or at law or
18  by treaty legally responsible for the events and happenings which
19  resulted in the damage to the said cargo through spoliation of the
20  said cargo and for proximately causing such damages and/or loss as
21  was incurred in fact by Ross-Abbott, as a proximate result of the
22  said damage to the said cargo.
23
24      7.    On or about April 7, 2006, UPS-SCS issued its Air Waybill
25  No. 5461617909 with respect to the shipment and carriage of eighty
26  barrels of cargo described as fish oil from Tokyo, Japan to South
27  Bend, Indiana.
28

- 3 -

1     8.   Thereafter, UPS-SCS contracted with defendants AMERICAN
2 and Does One through Ten, inclusive, and each of them, such that
3 AMERICAN would perform, as the custodial air carrier, the above
4 referenced carriage from Tokyo, Japan to O'Hare Airport, Chicago,
5 Illinois.  As a result, on or about April 7, 2006, AMERICAN issued
6 its Air Waybill No. 001-87142506 under said contract of carriage,
7 whereby AMERICAN and Does One through Ten, inclusive, and each of
8 them, agreed, or otherwise as a matter of law, and for good and
9 valuable consideration, undertook to carry said cargo from Tokyo,
10 Japan to O'Hare Airport, Chicago, Illinois and to deliver and keep
11 the cargo in the same good order and condition as received by said
12 defendants, including, but not limited to, keeping the said cargo
13 cool and putting the said cargo in a cooler upon arrival at
14 AMERICAN's facilities at O'Hare Airport.

15

16    9.   Thereafter, said defendants did not deliver the said cargo
17 in the same good order and condition as received, but rather in
18 breach of the obligations undertaken pursuant to said Air Waybill
19 No. 001-87142506, or otherwise as a matter of law, said defendants
20 failed to keep the said cargo cool and to put the said cargo in a
21 cooler upon arrival of the said cargo at O'Hare Airport, Chicago,
22 Illinois, as specified.

23

24    10.  As a direct and proximate result of defendants' acts and
25 omissions, the said cargo was not kept cool and not placed in a
26 cooler by defendants at the facilities of AMERICAN at O'Hare
27 Airport, and as a proximate result said cargo was spoiled and
28 damaged, resulting in claims by Ross-Abbott, which were settled by

- 4 -

1  UPS-SCS with Ross-Abbott, in an amount which exceeds the
2  jurisdictional minimum limit of this Court.

3

4                      **FIRST CAUSE OF ACTION**
5              **Breach of Contract Against Defendants**
6       11.  UPS-SCS incorporates herein by reference, as though fully
7  set forth at length,  each and every allegation of paragraphs 1
8  through 10.

9

10       12. Further to the agreement and the parties' ongoing business
11  relationship, on or about April 7, 2006, defendants and each of
12  them, accepted, in good order and condition, the said cargo for air
13  transportation from Tokyo, Japan to O'Hare Airport, Chicago,
14  Illinois.

15

16       13.  The defendants and each of them materially breached and
17  deviated from their agreement by failing to properly deliver the
18  said cargo, proximately resulting in a loss in an amount according
19  to proof at trial, but in excess of the jurisdictional minimum
20  limits of this Court, plus miscellaneous expenses, interest, and
21  costs, no part of which has been paid by the defendants, despite
22  the demand for the same by UPS-SCS.

23

24       14.  UPS-SCS had performed all of its obligations under the
25  agreement, except for those obligations that because of the
26  breaches by the defendants of their obligations, UPS-SCS has been
27  excused or prevented from performing.

28

- 5 -

U:\Cases\UPS\Abbott Labs (American Air)\Complaint.wpd  COMPLAINT OF UPS SUPPLY CHAIN SOLUTIONS, INC.

1    15.   As a direct and consequential result of the breaches by
2  the defendants, UPS-SCS has been damaged, in an amount according to
3  proof at trial, for, among other things, the spoliation of said
4  cargo and the payment by UPS-SCS to Ross-Abbott, of its claim for
5  damage and loss incurred through the damage to the said cargo while
6  in the custodial care of the defendants and each of them, plus
7  miscellaneous expenses, interest, and costs, no part of which has
8  been paid by the defendants, despite the demand for same by UPS-
9  SCS.

10

11                          SECOND CAUSE OF ACTION
12                          Negligence against the
13                          Defendants
14     16.   UPS-SCS incorporates herein by reference, as though fully
15  set forth at length, each and every allegation of paragraphs 1
16  through 15 herein.

17

18     17.   UPS-SCS is informed and believes, and thereon alleges,
19  that the spoliation and damage to the said cargo was directly and
20  proximately caused by the negligence of the defendants and each of
21  them in handling the said cargo while the same was in their care,
22  custody, and/or control.

23

24     18.   As a direct and proximate result of the negligence of the
25  defendants, UPS-SCS has been damaged in an amount according to
26  proof at trial, in excess of the jurisdictional minimum limits of
27  this Court for, among other things, the damage to said cargo and
28  the payment by UPS-SCS to Ross-Abbott, of its claim for damage and

1   loss incurred through said damage to the said cargo while in the
2   custodial care of the defendants and each of them, plus
3   miscellaneous expenses, interest, and costs, no part of which has
4   been paid by the defendants, despite demand for the same by UPS-
5   SCS.

6

7                    THIRD CAUSE OF ACTION

8              Breach of Bailment against Defendants

9        19.  UPS-SCS incorporates herein by reference, as though fully
10  set forth at length, each and every allegation contained in
11  paragraphs 1 through 18 herein.

12

13       20.  The damage to the said cargo was directly and proximately
14  caused by the acts and/or omissions of the defendants, in violation
15  of their statutory and/or common law duties and obligations as
16  bailees to safely care for the said cargo while the same was in
17  their care, custody and/or control.

18

19       21.  As a direct and proximate result of the negligence of the
20  defendants in their acts and conduct, UPS-SCS has been damaged in
21  an amount according to proof at trial, in excess of the
22  jurisdictional minimum limits of this Court for, among other
23  things, the spoliation of the said cargo and the payment by UPS-SCS
24  to Ross-Abbott of its claim for damage and loss incurred by Ross-
25  Abbott through the damage to the said cargo while in the custodial
26  care of the defendants and each of them, plus miscellaneous
27  expenses, interest, and costs, no part of which has been paid by
28  the defendants, despite demand for the same by UPS-SCS.

L:\Cases\UPS\Abbott Labs (American Att)\Complaint.wpd  COMPLAINT OF UPS SUPPLY CHAIN SOLUTIONS, INC.

### FOURTH CAUSE OF ACTION

#### Full or Partial Indemnification

##### against Defendants

22.   UPS-SCS incorporates by reference, as though fully set forth at length, each and every allegation contained in paragraphs 1 through 21 herein.

23.   Claim was made against UPS-SCS by Ross-Abbott, for alleged damage and loss incurred by Ross-Abbott, as a direct and proximate result of the spoliation and damage to the said cargo while in the custodial care of the defendants and each of them. UPS-SCS has paid to Ross-Abbott a sum in settlement of the said claim in an amount according to proof at trial, and UPS-SCS has suffered damage for, among other things, the damage to the said cargo and the payment by UPS-SCS to Ross-Abbott, of its claim for damage and loss incurred through the spoliation of the said cargo while in the custodial care of the defendants and each of them.

24.   UPS-SCS is informed and believes, and thereon alleges, that the acts and conduct of the defendants and each of them in negligently caring for the said cargo while it was in their care, custody and/or control was active and primary; while the negligence or other actionable conduct of UPS-SCS, if any, relating to the care of the said cargo was passive and secondary.

25.   Accordingly, UPS-SCS is entitled to total or partial equitable indemnification from the defendants, and each of them, in proportion to those parties' share of the liability, so that UPS-

1  SCS may recoup those sums paid to Ross-Abbott, which are in excess
2  of UPS-SCS' proportionate share of liability, if any.
3
4      26.  By reason of the foregoing allegations, UPS-SCS has
5  incurred and paid expenses for the prosecution of the above-
6  captioned lawsuit, including, but not limited to, attorneys' fees,
7  court costs, and expenses.  Based upon the foregoing, UPS-SCS
8  seeks, and is entitled, to be indemnified, in full or in part, by
9  the defendants, and each of them, for UPS-SCS' attorneys' fees,
10 court costs, and expenses incurred, paid or owing.  The
11 aforementioned expenses are continuing and the aggregate amount is
12 not presently known to UPS-SCS, which prays leave to amend its
13 complaint to assert the true amount of such expenses when they have
14 finally been ascertained.
15
16     WHEREFORE, UPS-SCS prays for judgment on its complaint as
17 follows:
18
19     1.   For a judgment against the defendants, and each of them,
20 for breach of contract for damages arising from the damage to the
21 said cargo, according to proof;
22
23     2.   For a judgment against the defendants, and each of them,
24 for damages incurred by UPS-SCS from the negligent handling of the
25 said cargo while in the custody, care and/or control of the
26 defendants and the damage suffered by UPS-SCS as a proximate result
27 thereof, according to proof;
28

L:\Cases\UPS\Abbott Labs (American Air)\Complaint.wpd  COMPLAINT OF UPS SUPPLY CHAIN SOLUTIONS, INC.

1    3.   For a judgment against the defendants, and each of them,
2  for damages incurred by UPS-SCS from the breach of bailment by
3  defendants in the handling of the said cargo while in the custody,
4  care and/or control of the defendants, and the damage suffered by
5  UPS-SCS as a proximate result thereof, according to proof;
6

7    4.   For a judgment against the defendants, and each of them,
8  by way of full or partial equitable indemnification, according to
9  proof, to the extent that the contributory and/or comparative
10  liability of said defendants, and each of them, is in excess of the
11  proportionate share of UPS-SCS' liability, if any, as assessed by
12  the trier of fact;
13

14    5.   For a judgment against the defendants, and each of them,
15  for UPS-SCS' attorneys' fees, court costs, and expenses incurred in
16  the prosecution of this action against defendants and each of them,
17  including all expenses and other costs of suit incurred herein; and
18

19    6.   For such other and further relief as the Court deems just
20  and proper.

21

22  Dated: January 4, 2008

23                 COUNTRYMAN & McDANIEL
                     MICHAEL S. McDANIEL
24                 BRUCE A. LINDSAY

25

26           By:
                 BRUCE A. LINDSAY
27                 Attorneys for plaintiff UPS SUPPLY
                 CHAIN SOLUTIONS, INC.

28

L:\Cases\UPS\Abbott Labs (American Air)\Complaint.wpd  COMPLAINT OF UPS SUPPLY CHAIN SOLUTIONS, INC.

1

## PROOF OF SERVICE BY MAIL

2

3        I am employed at Rimac & Martin, 1051 Divisadero Street, San Francisco, California 94115.

4   I am over the age of 18 years and am not a party to this action.

5        On March 11, 2008, I served the within **NOTICE OF REMOVAL OF CIVIL**

6   **ACTION TO UNITED STATES DISTRICT COURT CERTIFICATION AS TO**

7   **INTERESTED PARTIES; NOTICE TO PARTIES OF ADR PILOT PROGRAM**

8   **PACKET; NOTICE OF ASSIGNMENT TO U.S. MAGISTRATE JUDGE FOR**

9   **DISCOVERY; U.S. DISTRICT COURT NOTICE TO COUNSEL PACKET; NOTICE**

10  **FROM THE CLERK RE MANDATORY CIVIL AND CRIMINAL ELECTRONIC**

11  **FILING** on the interested parties hereto by placing said document in a sealed envelope with first

12  class postage fully prepaid thereon, and depositing same with the U.S. Postal Service at San

13  Francisco, California, addressed as follows:

14  Michael S. McDaniel, Esq.
    Bruce A. Lindsay, Esq.
15  COUNTRYMAN & McDANIEL
    5933 West Century Blvd., 11th Floor
16  Los Angeles, CA  90045

17        I declare under penalty of perjury under the laws of the United States of America that the

18  foregoing is true and correct.

19        Executed March 11, 2008, at San Francisco, California.

20

21

22

23                      Karl H. Plischke

24

25

26

27

28

---

**PROOF OF SERVICE BY MAIL**                    **CASE No.  CV 08-01636 JFW (JTLx)**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Jennifer T. Lum.

The case number on all documents filed with the Court should read as follows:

### CV08- 1636 JFW (JTLx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

1  **RIMAC MARTIN**
   **a Professional Corporation**
2  JOSEPH M. RIMAC, ESQ. - SBN 72381
   WILLIAM REILLY, ESQ. - SBN 177550
3  1051 Divisadero Street
   San Francisco, California 94115
4  Telephone: (415) 561-8440

5  Attorneys for Defendant
   AMERICAN AIRLINES, INC.

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11                                      ***E-FILING***

12  UPS SUPPLY CHAIN SOLUTIONS,          )
    INC.,                                )    CASE NO. **2:08-cv-01636-JFW-JTL**
13                                       )
            Plaintiff,                   )    **AMERICAN AIRLINES, INC.'S**
14                                       )    **ANSWER**
        vs.                              )
15                                       )
    AMERICAN AIRLINES, INC.; and         )
16  DOE ONE  through DOE TEN,            )
                                         )
17          Defendants.                  )
                                         )
18  ─────────────────────────────────── )

19      AMERICAN AIRLINES, INC. ("AMERICAN") hereby, for itself alone and

20  for no other defendant, and answering plaintiff's complaint herein, admits, denies

21  and alleges as follows:

22      1.    Answering paragraph 1, AMERICAN lacks sufficient information or

23  belief to either admit or deny the allegations of that paragraph and denies them on

24  that basis.

25      2.    Answering paragraph 2, AMERICAN admits it is a corporation

26  authorized to do business in California and that it is a duly certified direct air

27  carrier.  Save and except as expressly admitted herein AMERICAN denies each

28  and every allegation contained in that paragraph, generally and specifically.

                              **-1-**

1    3.    Answering paragraph 3,  AMERICAN denies each and every

2  allegation contained in that paragraph, generally and specifically.

3    4.    Answering paragraph 4, AMERICAN denies each and every

4  allegation contained in that paragraph, generally and specifically.

5    5.    Answering paragraph 5, AMERICAN admits that it carried cargo

6  from Tokyo, Japan to Chicago, Illinois pursuant to air waybill number 001-8714-

7  2506 and that said air waybill, the terms and conditions thereof and the applicable

8  tariffs speak for themselves.  Save and except as expressly admitted herein

9  AMERICAN denies each and every allegation contained in that paragraph,

10  generally and specifically.

11    6.    Answering paragraph 6, AMERICAN denies each and every

12  allegation contained in that paragraph, generally and specifically.

13    7.    Answering paragraph 7, AMERICAN lacks sufficient information or

14  belief to either admit or deny the allegations of that paragraph and denies them on

15  that basis.

16    8.    Answering paragraph 8, AMERICAN admits that it carried cargo

17  from Tokyo, Japan to Chicago, Illinois pursuant to air waybill number 001-8714-

18  2506 and that said air waybill, the terms and conditions thereof and the applicable

19  tariffs speak for themselves.  Save and except as expressly admitted herein

20  AMERICAN denies each and every allegation contained in that paragraph,

21  generally and specifically.

22    9.    Answering paragraphs 9 and 10, AMERICAN denies each and every

23  allegation contained in those paragraphs, generally and specifically.

24  **FIRST CAUSE OF ACTION**

25  **Breach of Contract Against Defendants**

26    10.    Answering paragraph 11, AMERICAN incorporates by reference

27  paragraphs 1 through 9 of this Answer as if repeated in full.

28  / / /

-2-

**AMERICAN'S ANSWER**                    **CASE NO. 2:08-cv-01636-JFW-JTL**

1    11.    Answering paragraph 12, AMERICAN admits that it carried cargo

2    from Tokyo, Japan to Chicago, Illinois pursuant to air waybill number 001-8714-

3    2506 and that said air waybill, the terms and conditions thereof and the applicable

4    tariffs speak for themselves.  Save and except as expressly admitted herein

5    AMERICAN denies each and every allegation contained in that paragraph,

6    generally and specifically.

7    12.    Answering paragraphs 13, 14 and 15, AMERICAN denies each and

8    every allegation contained in those paragraphs, generally and specifically.

**SECOND CAUSE OF ACTION**

**Negligence Against Defendants**

11    13.    Answering paragraph 16, AMERICAN incorporates by reference

12    paragraphs 1 through 12 of this Answer as if repeated in full.

13    14.    Answering paragraphs 17 and 18, AMERICAN denies each and every

14    allegation contained in those paragraphs, generally and specifically.

**THIRD CAUSE OF ACTION**

**Breach of Bailment Against Defendants**

17    15.    Answering paragraph 19, AMERICAN incorporates by reference

18    paragraphs 1 through 14 of this Answer as if repeated in full.

19    16.    Answering paragraphs 20 and 21, AMERICAN denies each and every

20    allegation contained in those paragraphs, generally and specifically.

**FOURTH CAUSE OF ACTION**

**Full or Partial Indemnification Against Defendants**

23    17.    Answering paragraph 22, AMERICAN incorporates by reference

24    paragraphs 1 through 16 of this Answer as if repeated in full.

25    18.    Answering paragraphs 23, 24, 25 and 26, AMERICAN denies each

26    and every allegation contained in those paragraphs, generally and specifically.

27    19.    Answering plaintiff's prayer for judgment, which includes paragraphs

28    1, 2, 3, 4, 5 and 6, AMERICAN denies that plaintiffs have been damaged in the

1  amount alleged, in any amount, or at all, and further denies that plaintiffs are

2  entitled to any relief whatsoever.

3  ### FIRST AFFIRMATIVE DEFENSE

4       20.    The cargo in question was shipped under a AMERICAN AIR LINES

5  Air Waybill and AMERICAN's liability, and recovery, if any, is subject to all the

6  terms and conditions in AMERICAN's Air Waybill and the applicable tariffs,

7  conditions, schedules, rules and other incorporated terms which together form the

8  contract of carriage and describe the rights and liabilities of all parties with respect

9  to the transportation ("Contract of Carriage").  Under the terms and conditions of

10 the Air Waybill AMERICAN's liability is the lesser of 17 SDRs per kilogram of

11 goods lost, damaged or delayed or the actual value of the purported cargo.

12 ### SECOND AFFIRMATIVE DEFENSE

13      21.    As a second separate and affirmative defense to the complaint and

14 each cause of action thereof, it is alleged that third parties and/or entities, whether

15 or not presently parties to this action, were careless and negligent, and that such

16 carelessness and negligence proximately contributed to the damages alleged in the

17 complaint, if any there were, and that such third-party carelessness and negligence

18 bars or reduces the potential recovery against AMERICAN.

19 ### THIRD AFFIRMATIVE DEFENSE

20      22.    The State law claims are preempted and barred under the applicable

21 Federal common law and by applicable statutes including, but not limited to,

22 Section 105 of the Federal Aviation Act, 49 U.S.C.A. §1305, which provides, in

23 pertinent part:

24      (a) Preemption

25      (1) . . .no state or political subdivision thereof and no
        interstate agency or other political agency of two or more
26      states shall enact or enforce any law, rule, regulation,
        standard, or other provision having the force and effect of
27      law relating to rates, routes, or services of any air carrier
        having authority under subchapter IV of this chapter to
28      provide air transportation.

-4-

## FOURTH AFFIRMATIVE DEFENSE

23.    The claim is barred under the contract for carriage, as AMERICAN is not liable for inadequately labeled or packaged cargo and plaintiff's cargo was inadequately labeled and packaged.

## FIFTH AFFIRMATIVE DEFENSE

24.    The purported Causes of Action fail to state facts sufficient to constitute a claim for relief.

## SIXTH AFFIRMATIVE DEFENSE

25.    AMERICAN did not act in any way to damage the cargo shipped, did not damage or lose the cargo when in its care, and acted at all times with due diligence.

## SEVENTH AFFIRMATIVE DEFENSE

26.    That the alleged damages experienced by complainants, if any there be, were the sole and proximate result of the conduct of other parties, and not this answering party.

## EIGHTH AFFIRMATIVE DEFENSE

27.    The cargo in question was shipped under a AMERICAN Airlines Air Waybill, and AMERICAN's liability is limited, and Plaintiff's claims are barred or limited, by 1999 Montreal Convention (formally The Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000)), and are subject to all the terms and conditions in AMERICAN's Air Waybill and the applicable tariffs, schedules, rules and other incorporated terms which together form the contract of carriage and describe the rights and liabilities of all parties with respect to the transportation ("Contract of Carriage").

## NINTH AFFIRMATIVE DEFENSE

28.    Pursuant to the terms of the Montreal Convention, as amended, and of the Contract of Carriage, AMERICAN's liability, if any, is limited to the lesser of

**AMERICAN'S ANSWER**                    **CASE NO. 2:08-cv-01636-JFW-JTL**

1  17 SDRs per kilogram of goods lost, damaged or delayed or the actual value of the

2  goods shipped.

### TENTH AFFIRMATIVE DEFENSE

4       29.    The claim is barred in whole or in part as a consequence that no

5  higher value than 17 SDRs per kilogram was declared on the air waybill, and no

6  supplemental charge was made.

### ELEVENTH AFFIRMATIVE DEFENSE

8       30.    The parties have failed and refused to mitigate their damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

10      31.    The damages complained of, if any there were, were either wholly, or

11  in part, directly and proximately caused by the negligence of persons or entities

12  other than this answering defendant, and said negligence is either imputed to the

13  plaintiff by reason of the relationship between the plaintiff and said persons or

14  entities, or comparatively reduces the proportion of liability of this answering

15  defendant, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

17      32.    Plaintiff's claims are barred and/or limited by the Montreal

18  Convention, as amended, including, but not limited to Articles 20 and 31.

### FOURTEENTH AFFIRMATIVE DEFENSE

20      33.    Any damage to the goods existed at the time the goods were initially

21  delivered to AMERICAN and, therefore, was not due in any way to

22  AMERICAN's actions.

### FIFTEENTH AFFIRMATIVE DEFENSE

24      34.    Venue is improper pursuant to 28 U.S.C. § 1404, as plaintiff filed this

25  action in a district in which the transactions giving rise to the action lack any

26  connection to this district and no witnesses are located in the district. The only

27  connection to this district is that plaintiff's attorneys' offices are in this district,

28  which is not a valid reason for filing an action in this district.

-6-

1    **WHEREFOR**, having fully answered, defendant AMERICAN prays as

2    follows:

3    1.    That plaintiff take nothing of AMERICAN by way of their Complaint

4    herein;

5    2.    That judgment be ordered dismissing the complaint as to

6    AMERICAN;

7    3.    That defendant AMERICAN be awarded its costs of suit; and

8    4.    That defendant be awarded such other and further relief as the Court

9    might find proper.

10

11    Respectfully Submitted,

12    RIMAC MARTIN
      A Professional Corporation

13

14    DATED:  March 18, 2008        By:        /s/ WILLIAM REILLY

15                                              WILLIAM REILLY
                                                Attorneys for Defendant
                                                AMERICAN AIRLINES

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

1

## PROOF OF SERVICE BY U.S. MAIL

2      I am employed at 1051 Divisadero Street, San Francisco, California 94115.

3  I am over the age of 18 years and am not a party to this action.

4      On March 18, 2008, I served upon the interested parties hereto the within

5  **AMERICAN AIRLINES, INC.'S ANSWER** by e-filing said document and

6  placing said document into an envelope thereafter sealed with first class postage

7  fully prepaid thereon and depositing same with the U.S. Postal Service at San

8  Francisco, California, addressed as follows:

9  Michael S. McDaniel, Esq.
   Bruce A. Lindsay, Esq.
10  Countryman & McDaniel
   LAX Airport Center
11  5933 W. Century Blvd., 11th Flr.
   Los Angeles, CA 90045
12  Fax: (310) 342-6505

13
       I declare under penalty of perjury under the laws of the United States that
14
   the foregoing is true and correct.  Executed on March 18, 2008, at  San Francisco,
15
   California.
16

17

18
                /s/  KARL H. PLISCHKE
19                Karl H. Plischke

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| UPS SUPPLY CHAIN SOLUTIONS, INC. | AMERICAN AIRLINES, INC. |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): LOS ANGELES | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Michael S. McDaniel, Esq. Countryman & McDaniel 5933 West Century Blvd., 11th Flr. Los Angeles, CA 90045 | ATTORNEYS (If known) RIMAC MARTIN, P.C. WILLIAM REILLY, ESQ. (SBN 177550) 1051 DIVISADERO STREET SAN FRANCISCO, CA 94115 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No          ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This case is being removed pursuant to 28 U.S.C. § 1331 in that this action is governed by the terms of the 1999 Montreal Convention for the Unification of Certain RUles for International Carriage by Air (5/28/99)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 891 Agricultural Act | ☒ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 895 Freedom of Information Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 865 RSI (405(g)) |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | | | | FEDERAL TAX SUITS |
| | ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?  ☒ No  ☐ Yes

F yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (01/03)                    CIVIL COVER SHEET                    Page 1 of 2

CV08-01636

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET
AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case?  ☒ No    ☐ Yes

if yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐   A.   Appear to arise from the same or substantially identical transactions, happenings or events.
☐   B.   Involve the same or substantially the same parties or property.
☐   C.   Involve the same patent, trademark or copyright.
☐   D.   Call for determination of the same or substantially identical questions of law, or
☐   E.   Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

IX. VENUE:   List the California County, or State if other than California, in which EACH named plaintiff resides. (Use an additional sheet if necessary)
☐   Check here if the U.S. government, its agencies or employees is a named plaintiff.
Suit was filed,and is being removed from, Los Angeles County Superior Court.
Defendant is informed and believes and thereon alleges that plaintiff is
incorporated and maintains its headquarters in the state of Connecticut.

List the California County, or State if other than California in which EACH named defendant resides. (Use an additional sheet if necessary)
☐   Check here if the U.S. government, its agencies or employees is a named defendant.
• ATLANTA Geargia.

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Chicago, Illinois

X. SIGNATURE OF ATTORNEY (OR PRO PER):   /s/ William Reilly   Date 3/10/08

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and
service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is
required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket
sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical Codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

WWW.ATFORMS.COM  1-800-617-4202